IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SURFACE MATERIALS SALES, INC., | ) | CASE NO. 1:04 CV 2155 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| SURFACE PROTECTION INDUSTRIES | ) | **MEMORANDUM OPINION AND** |
| INTERNATIONAL, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**I.**

**Introduction**

This is a diversity case in which plaintiff Surface Materials Sales, Inc. asserts a breach of contract claim against defendant Surface Protection Industries International. The parties have consented to the jurisdiction of the Magistrate Judge.[1]

The Court currently has pending for decision two motions filed by defendant Surface Protection – a motion to dismiss on the ground that the parties have an agreement to arbitrate disputes in California[2] and a motion to dismiss for failure to state a claim.[3] The parties have fully briefed these motions, and the Court has heard oral argument on them.[4]

---

[1] ECF # 11.

[2] ECF # 8.

[3] ECF # 21.

[4] ECF # 25.

These motions present the Court with two overarching issues for decision.  First, do the parties have an agreement to arbitrate the dispute at issue in this case?  Second, assuming no agreement to arbitrate, has Surface Materials pled a breach of contract claim cognizable as a matter of law?

This memorandum opinion and order will address the first issue only.  The Court concludes that the parties did not enter into an agreement to arbitrate.  Accordingly, the Court will deny Surface Protection's motion to dismiss in deference to arbitration.  A separate and forthcoming memorandum opinion and order will take up the second issue, which Surface Protection raised in its motion to dismiss for failure to state a claim.

## II.

### Facts

The parties do not dispute the facts that the Court finds relevant to the disposition of the pending motions.

Defendant Surface Protection distributes, through independent local and regional distributors, specialty paint and coating products.  Plaintiff Surface Materials is a regional distributor of such products.

In July of 2002 Surface Protection and Surface Materials entered into an agreement ("Distribution Agreement") appointing Surface Materials as the exclusive distributor for

certain products manufactured by an affiliate of Surface Protection in the states of Michigan, Ohio, and Kentucky.[5]

The Distribution Agreement provided for an automatically renewable term of one year, retroactive to April 1, 2001.[6] The parties agreed that either could terminate without cause on 90 days' written notice to the other.[7] In the event that Surface Protection terminated Surface Materials without cause, the Distribution Agreement required that Surface Protection would "negotiate in good faith with SM [Surface Materials] to pay SM a termination fee." [8]

The Distribution Agreement in paragraph 17 provided for arbitration of ". . . any controversy, claim, dispute or other matter arising out of, or relating to, this Agreement. . . ." [9] That paragraph included the following notice:

> NOTICE: BY INITIALLING[sic] IN THE SPACE BELOW, YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THIS AGREEMENT, EXCEPT THOSE DUE TO A BREACH OF PARAGRAPHS 13 AND 14, DETERMINED BY ARBITRATION AND ARE WAIVING ANY RIGHT TO HAVE THE DISPUTE LITIGATED IN A COURT AND BY A JURY TRIAL.
>
> SPII's Initials: _____     SM's Initials: _____ [10]

Neither party initialed paragraph 17.

---

[5] ECF # 8, Affidavit of Robert C. Davidson, Jr. ("Davidson Aff."), Ex. A at ¶2.

[6] *Id.* at ¶3.

[7] *Id.*

[8] *Id.*

[9] *Id.* at ¶17a).

[10] *Id.* at ¶17.

Paragraph 16 of the Distribution Agreement provided for Surface Protection to recover injunctive or equitable relief under certain circumstances.[11] Suits for such relief could be filed in the Superior Court of the State of California, County of Los Angeles.[12] Surface Materials consented to the jurisdiction and venue of that court for such suits.[13] That paragraph concluded with the statement that any other disputes, claims, or controversies "arising out of this Agreement shall be decided by arbitration *as provided in* paragraph 17."[14]

By a letter dated September 30, 2004, Surface Protection gave Surface Materials notice that it was terminating the Distribution Agreement effective January 1, 2005.[15] The parties do not dispute that this termination was on notice without cause. Under the terms of the Distribution Agreement, the parties have negotiated for a termination fee but have not agreed to such fee.

Surface Materials has brought suit in this Court for breach of the Distribution Agreement with respect to the failure of Surface Protection to agree to a termination fee. Surface Protection now challenges that suit as one asserting a claim that should be arbitrated or, alternatively, on the ground that Surface Materials's claim fails as a matter of law.

---

[11] *Id.* at ¶16.

[12] *Id.*

[13] *Id.*

[14] *Id.* (emphasis added).

[15] ECF # 8, Davidson Aff., Ex. B.

## III.

## Analysis

**A.     The parties did not agree to arbitrate.**

Surface Protection submits that the claim asserted in this case belongs in arbitration because the Distribution Agreement, signed by both parties, contains a broad arbitration paragraph.

Surface Materials responds that although the parties signed the Distribution Agreement, they did not initial the arbitration paragraph and, therefore, did not agree to include that paragraph as part of their agreement.

While Surface Protection concedes that neither party initialed the arbitration paragraph, and that the notice in the paragraph states that by initialing the paragraph the parties agreed to arbitration, it maintains that the reference to the arbitration in the previous paragraph is sufficient to create an agreement to arbitrate, the absence of the initials notwithstanding.

Both parties agree that if there is an agreement to arbitrate, the Federal Arbitration Act compels this Court at a minimum to stay proceedings in deference to arbitration.[16]  Surface Protection urges the Court to dismiss the complaint or, in the alternative, to transfer venue to the United States District Court for the Central District of California.  Because, as stated above, the Court concludes that the parties did not agree to arbitrate, it need not consider what procedures might be appropriate in deference to arbitration.

---

[16] *Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997).

The Distribution Agreement provides that it should be construed in accordance with the laws of California.[17]  The parties agree that California law supplies the rule of decision here.  Surface Protection's motion to dismiss in deference to arbitration presents the following issue for decision:

> Ordinary state law principles governing formation of contracts supplied to determine if parties have agreed to arbitrate disputes arising under their contract.  California law applies to the contract here.  That contract provides that the parties are to initial the arbitration paragraph if they agree to it.  Neither party initialed that paragraph, but both parties signed the contract.  Under California contract interpretation principles, did the parties agree to arbitrate?

The Court agrees with Surface Protection that it should not look beyond the four corners of the Distribution Agreement to determine if the parties agreed to arbitrate.[18]  The starting point for this "four corners" analysis must be paragraph 17, which addresses arbitration.  Surface Protection correctly points out that this paragraph describes a broad scope of arbitration, extending to "[a]ny controversy, claim, dispute or other matter arising out of, or relating to, this Agreement. . . ."[19]  The paragraph also includes, however, the notice, in all capital letters, providing for agreement to arbitration by the initialing of "the space below."[20]  Neither party initialed the paragraph.

---

[17] ECF # 8, Davidson Aff., Ex. A at ¶21c).

[18] ECF # 15 at 3.

[19] *Id.* at ¶17a).

[20] *Id.* at ¶17.

Focusing on paragraph 17 per se, the decision of the California Court of Appeals in *Marcus & Millichap Real Estate Investment Brokerage Company*,[21] which applies California rules of contract interpretation, is almost on all fours.

The *Marcus & Millichap* case arose out of the sale of an apartment building complex. After the sale closed, the buyer sued the sellers and their agent, Marcus & Millichap. The sellers filed a cross-complaint against Marcus & Millichap. Marcus & Millichap filed a petition to compel arbitration.

Marcus & Millichap based the petition on an arbitration paragraph in the purchase agreement. That paragraph included a notice provision that called for initialing by the parties similar to that in the Distribution Agreement.[22] Although the buyer had initialed the paragraph, the sellers did not.[23]

The court of appeals in deciding if the parties had agreed to arbitrate applied "general California contract law."[24] The court concluded that the initialing of the arbitration paragraph by the buyers constituted an offer to include the arbitration provision in the contract.[25] By

---

[21] *Marcus & Millichap Real Estate Inv. Brokerage Co.*, 80 Cal.Rptr.2d 147 (Dist. Ct. App. 1998).

[22] *Id.* at 148.

[23] *Id.* at 150.

[24] *Id.*

[25] *Id.*

failing to initial the paragraph, the sellers did not accept that offer.[26] The arbitration agreement, therefore, did not become part of the contract between the parties.[27]

The same conclusion follows here. The language of the arbitration paragraph expressly provides for agreement to arbitrate by initialing the paragraph. Neither party initialed the paragraph. The parties, therefore, did not agree to include the arbitration paragraph in their contract.

Surface Protection correctly points out that the agreement here differs from that in the *Marcus & Millichap* case because paragraph 16 contains an additional reference to arbitration. That paragraph states that except for certain claims by Surface Protection for injunctive or equitable relief, all other disputes, claims, or controversies arising out of the Distribution Agreement "shall be decided by arbitration *as provided in* paragraph 17." [28] Under principles of California law governing contract interpretation, however, this additional language does not bring about a different result.

California Civil Code § 1641 demands that a contract be read so as to give every part practical effect.

> The whole of a contract is to be taken together, so as to give effect every part, if reasonably practicable, each clause helping to interpret the other.

---

[26] *Id.*

[27] *Id.*

[28] ECF # 8, Davidson Aff., Ex. A at ¶16.

Under this section, a contract should be interpreted, if possible, so that no part is rendered nugatory.[29] Interpreting the contract to recognize paragraph 16 as an independent basis for an agreement to arbitrate renders the requirement of manifesting agreement to arbitrate by initialing, as provided for in paragraph 17, nugatory. Rather, interpreting the contract as a whole, paragraph 16 should be read as requiring arbitration only if the parties have provided for it in paragraph 17. Where, as here, the parties have not agreed to arbitrate by initialing paragraph 17, then no contractual duty to arbitrate exists.

Surface Protection makes two additional arguments that the Court will address. First, it argues that requiring initialing of paragraph 17 for an agreement to arbitrate runs afoul of the Sixth Circuit's admonition in *Glazer v. Lehman Brothers*[30] that arbitration clauses should not be considered separate, independent contracts. In the *Glazer* case, the court discussed this proposition in terms of whether arbitration clauses must be supported by independent consideration or mutuality of obligation.[31] The court cautioned that an arbitration paragraph in a contract has force and effect even though no separate consideration exists for the agreement to arbitrate and even though only one of the parties has a duty to submit claims to arbitration.[32] *Glazer* involved a situation, unlike that here, where the parties had clearly

---

[29] *O. Miller Associates v. GCA Corporation*, 138 Cal.Rptr. 437, 442 (Dist. Ct. App. 1977).

[30] *Glazer v. Lehman Bros.*, 394 F.3d 444, 454 (6th Cir. 2005).

[31] *Id.* at 453-54.

[32] *Id.*

manifested an intention to arbitrate by their agreement but, after the fact, one of the parties questioned whether that agreement was legally binding.

The *Glazer* decision also stands for two propositions that support the Court's decision in this case. First, ordinary state law principles governing formation of contracts apply to the analysis of whether parties have agreed to arbitrate.[33] As the *Marcus & Millichap* case clearly demonstrates, the application of ordinary California state law contract interpretation principles dictates the conclusion that the parties did not agree to arbitrate here.

Second, a court should not override the clear intent of the parties or reach a result inconsistent with the plain text of the contract simply because of the policy in the Federal Arbitration Act favoring arbitration.[34] Here, as explained above, the parties clearly intended that their initials in the space provided in paragraph 17 would manifest agreement to have disputes under the contract decided by arbitration. The text of the Distribution Agreement is plain on that point.

Finally, Surface Protection argues that the Federal Arbitration Act preempts any formality created by state law for the entering into of agreements to arbitrate. The California court in *Marcus & Millichap* addressed this very argument on facts more favorable to the party seeking arbitration and dismissed the argument. This Court finds the California court's reasoning compelling.

---

[33] *Id.* at 450.

[34] *Id.*

In *Marcus & Millichap*, a California statute required the inclusion of the notice and initialing provision in the arbitration paragraph because the contract was one for a real estate sales or listing agreement.[35] The court acknowledged the decision of the Supreme Court of the United States in *Doctor's Associates, Inc. v. Casarotto*[36] holding that the Federal Arbitration Act preempts any state law requirements applicable to the enforceability of arbitration agreements only.[37] It conceded that the reasoning of *Doctor's Associates* might apply if arbitration was being avoided on the ground that the contract had not included the statutorily required notice.[38] The California court concluded, however, that because the parties had included the notice and initialing language in their agreement, the issue was not whether California law could require "arbitration only" formalities but rather the interpretation of the words of the parties' contract under general California contract law.[39] The court, therefore, concluded that the Federal Arbitration Act did not compel a different result.[40]

Counsel agreed at the oral argument in this case that the notice and initialing language in paragraph 17 is not compelled for this type of contract by any California statute. There is no argument here, therefore, about statutorily compelled formalities applicable only to

---

[35] *Marcus & Millichap*, 80 Cal.Rptr.2d at 150-51 n.5.

[36] *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996).

[37] *Marcus & Millichap*, 80 Cal.Rptr.2d at 152, citing *Doctor's Assocs.*, 517 U.S. at 686.

[38] *Id.*

[39] *Id.*

[40] *Id.*

arbitration agreements. This is rather, in the words of the *Marcus & Millichap* court, a matter of "applying general California contract law to the words of the contract." [41] The words of the contract being interpreted are those chosen by the parties. As explained above, general California contract law dictates a conclusion that Surface Protection and Surface Materials did not agree to arbitrate.

**B.      Surface Materials did not admit that it agreed to arbitrate.**

Surface Protection urges the Court to decide that counsel for Surface Materials judicially admitted the existence of an agreement to arbitrate. Surface Protection points to an averment in paragraph 19 of the complaint that, "SPII [Surface Protection] has, through its CEO, Robert C. Davidson, Jr., repudiated the arbitration provisions of the Agreement." [42]

The Court must decline the invitation to find a judicial admission for two reasons. First, a legal conclusion cannot serve as a judicial admission.[43] That the contract contained an agreement to arbitrate is a legal conclusion that cannot be judicially admitted.

Second, for an attorney's statement to constitute a legal admission, it must be clear, deliberate, and unambiguous.[44] On one hand, the averment in question may mean that the contract contained an agreement to arbitrate that Mr. Davidson sought to avoid after the contract's execution. On the other hand, it may mean that Mr. Davidson rejected an agreement

---

[41] *Id.*

[42] ECF # 1 at ¶19.

[43] *MacDonald v. General Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997).

[44] *Id.* at 340.

-12-

to arbitrate by failing to initial paragraph 17 when he signed the Distribution Agreement. In any event, the Court cannot conclude that the averment upon which Surface Protection relies, even if it constituted a fact statement rather than a legal conclusion, was sufficiently clear and unambiguous so as to constitute a judicial admission.

## IV.

### Conclusion

Based on the foregoing analysis, the Court concludes that the Distribution Agreement does not include an agreement to arbitrate and that Surface Materials has not judicially admitted that it agreed to arbitrate disputes arising under the Distribution Agreement.

Accordingly, Surface Protection's motion to dismiss the complaint in deference to arbitration[45] is hereby denied.

IT IS SO ORDERED.

Dated:  May 5, 2005                                       s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

---

[45] ECF # 8.