IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SURFACE MATERIALS SALES, INC., | ) | CASE NO. 1:04 CV 2155 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| SURFACE PROTECTION INDUSTRIES | ) | **MEMORANDUM OPINION AND** |
| INTERNATIONAL, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

## I.

### Introduction

This is a diversity case in which plaintiff Surface Materials Sales, Inc. asserts a breach of contract claim against defendant Surface Protection Industries International. The parties have consented to the jurisdiction of the Magistrate Judge.[1]

In an earlier memorandum opinion and order,[2] the Court decided that the parties had not agreed to arbitrate the dispute at issue in this case. The Court, therefore, has jurisdiction to consider the merits. Surface Protection has filed a motion to dismiss the complaint for failure to state a claim.[3] The parties have fully briefed this motion, and the Court has heard oral argument on it.[4]

---

[1] ECF # 11.

[2] ECF # 28.

[3] ECF # 21.

[4] ECF # 25.

The complaint avers breach of contract for Surface Protection's failure to pay a termination fee. Surface Protection argues that the provision in the contract for a termination fee is, as a matter of law, an unenforceable agreement to agree. Surface Materials counters that the provision is not a mere agreement to agree and is an enforceable legal obligation.

Surface Protection's motion to dismiss presents the following issue for decision:

> California law provides that an essential contract term left for future agreement gives rise to no legal obligation. An agreement to agree to a non-essential term may create such an obligation, and a court may judicially determine the term if the parties can't agree. Here the parties left the termination fee amount to future agreement. After termination they failed to reach an agreement. Does the complaint state a claim for breach of contract to pay the fee?

The Court concludes that whether the provision in the contract for a termination fee is an unenforceable agreement to agree cannot be determined from the pleadings. Surface Materials has stated a claim for breach of contract upon which relief can be granted. Surface Protection's motion to dismiss, therefore, must be denied.

## II.

### Facts

The parties do not dispute the facts that the Court finds relevant to the disposition of the pending motion.

Defendant Surface Protection distributes, through independent local and regional distributors, specialty paint and coating products. Plaintiff Surface Materials is a regional distributor of such products.

In July of 2002 Surface Protection and Surface Materials entered into an agreement ("Distribution Agreement") appointing Surface Materials as the exclusive distributor for certain products manufactured by an affiliate of Surface Protection in the states of Michigan, Ohio, and Kentucky.[5]

The Distribution Agreement provided for an automatically renewable term of one year, retroactive to April 1, 2001.[6] The parties agreed that either could terminate without cause on 90 days' written notice to the other.[7] In the event that Surface Protection terminated Surface Materials without cause, the Distribution Agreement required that Surface Protection would "negotiate in good faith with SM [Surface Materials] to pay SM a termination fee." [8]

By a letter dated September 30, 2004, Surface Protection gave Surface Materials notice that it was terminating the Distribution Agreement effective January 1, 2005.[9] The parties do not dispute that this termination was on notice without cause. Under the terms of the Distribution Agreement, the parties have negotiated for a termination fee but have not agreed to such fee.

Surface Materials has brought suit in this Court for breach of the Distribution Agreement with respect to the failure of Surface Protection to agree to a termination fee.

---

[5] ECF # 8, Affidavit of Robert C. Davidson, Jr. ("Davidson Aff."), Ex. A at ¶2.

[6] *Id.* at ¶3.

[7] *Id.*

[8] *Id.*

[9] ECF # 8, Davidson Aff., Ex. B.

Surface Protection now challenges that suit on the ground that Surface Materials's claim fails as a matter of law.

### III.

### Analysis

The Distribution Agreement provides that it should be construed in accordance with the laws of California.[10] The parties agree that California law supplies the rule of decision here.

The California Supreme Court in *Coleman Engineering Co. v. North American Aviation*[11] set out the principles governing the enforceability of agreements to agree.

> The general rule is that if an "essential element" of a promise is reserved for the future agreement of both parties, the promise gives rise to no legal obligation until such future agreement is made. "The enforceability of a contract containing a promise to agree depends upon the relative importance and the severability of the matter left to the future; it is a question of degree and may be settled by determining whether the indefinite promise is so essential to the bargain that inability to enforce that promise strictly according to its terms would make unfair the enforcement of the agreement. Where the matters left for future agreement are unessential, each party will be forced to accept a reasonable determination of the unsettled point or if possible the unsettled point may be left unperformed and the remainder of the contract be enforced.[12]

Applying the principles quoted above, the Court cannot consider the promise to agree on a termination fee an essential element of the Distribution Agreement. The parties do not dispute that they entered into a binding contract despite the absence of a fixed amount for a

---

[10] *Id.*, Ex. A at ¶21c).

[11] *Coleman Eng'g Co. v. North Am. Aviation*, 420 P.2d 713 (Cal. 1967).

[12] *Id.* at 719-20 (citations omitted).

-4-

termination fee therein. The parties, under the terms of the Distribution Agreement, conducted an ongoing commercial relationship from July of 2002 through 2004.

As the Court in *Coleman* stated, where the parties leave an unessential term for future agreement, they will either be forced to accept a reasonable judicial determination of the unsettled term, or the unsettled term may be left unperformed.[13] The cases cited in the briefs on the pending motion deal in the main with whether the unresolved term is essential or unessential and, therefore, whether the uncertainty vitiates the entire agreement. They provide no concrete direction for when a court should make a reasonable determination of an unsettled term or leave the unsettled term unperformed.

Relying on cases involving open price terms, Surface Protection argues that a court should judicially determine an unsettled term only where objective standards exist for doing so.[14] California courts have found such objective standards in agreements providing for fair market value[15] or a reasonable rental for real property.[16] Surface Protection maintains that no objective standard exists for setting a termination fee in the context of the relationship at issue here. Surface Materials counters that objective standards do exist in that Surface Protection agreed to pay and did pay a termination fee to Surface Materials's immediate predecessor distributor for the same territory.

---

[13] *Id.* at 720.

[14] *California Lettuce Growers v. Union Sugar Co.*, 289 P.2d 785, 790 (Cal. 1955); *Carver v. Teitsworth*, 2 Cal.Rptr.2d 446, 450 (Dist. Ct. App. 1991).

[15] *Goodwest Rubber Corp. v. Munoz*, 216 Cal.Rptr. 604 (Dist. Ct. App. 1985).

[16] *City of Los Angeles v. Superior Court*, 333 P.2d 745, 750-51 (Cal. 1959).

At this early stage of the litigation, the Court cannot resolve as a matter of law whether the termination fee at issue is capable of reasonable judicial determination.  California cases recognize that an unsettled term in a contract may in some circumstances be determined from external, extrinsic evidence.[17]  The Court must conclude that it cannot be said that there are no facts Surface Materials could prove to support a judicial determination of a termination fee.[18]  The motion to dismiss must, therefore, be denied.

Surface Protection correctly points out that where an unsettled point in a contract is incapable of judicial determination, a party may nevertheless sue for breach of a contract to negotiate.  The court in *Copeland v. Baskin Robbins* set forth the principles applicable to such a cause of action.[19]

> While courts have been increasingly liberal in supplying missing terms in order to find an enforceable contract, they do so only where the "reasonable intentions of the parties" can be ascertained.  It is still the general rule that where any of the essential elements of a promise or reserve for future agreement of both parties, no legal obligation arises "until such future agreement is made." *** No reported California cases held breach of a contract to negotiate an agreement gives rise to a cause of action for damages.  On the other hand, numerous California cases have expressed a view the law provides no remedy for breach of "an agreement to agree" in the future.  We believe, however, these difficulties could be overcome in an appropriate case.
>
> Initially, we see no reason why in principle the parties could not enter into a valid, enforceable contract to negotiate the terms of . . . [an] agreement.***

---

[17] *California Lettuce Growers*, 289 P.2d at 790; *Okun v. Morton*, 250 Cal.Rptr. 220, 228 (Dist. Ct. App. 1988).

[18] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003).

[19] *Copeland v. Baskin Robbins*, 117 Cal.Rptr.2d 875 (Dist. Ct. App.  2002).

> A contract to negotiate the terms of an agreement is not, in form or substance, an "agreement to agree." If, despite their good faith efforts, the parties fail to reach ultimate agreement on the terms in issue the contract to negotiate is deemed performed and the parties are discharged from their obligation. The failure to agree is not, itself, a breach of contract to negotiate. A party will be held liable only if a failure to reach an ultimate agreement resulted from a breach of that party's obligation to negotiate or negotiate in good faith.[20]

It appears to this Court that the cause of action for breach of a contract to negotiate an agreement is particularly appropriate in those situations, identified by the *Coleman* Court, in which the unessential term left to future agreement cannot be determined judicially and would otherwise be left unperformed.[21]

Although the California Supreme Court in *Autry v. Republic Productions, Inc.*[22] did not refer to a claim for breach of a contract to negotiate, the Court's decision in that case foreshadowed the *Copeland* opinion. In *Autry*, the motion picture actor, Gene Autry, and Republic Productions entered into a contract whereby Autry agreed to appear in a certain number of motion pictures. The contract provided that in the event Autry was required to serve in the armed forces or volunteered for such service, "the parties hereto will agree upon their mutual rights and obligations hereunder in view of such military service."[23] In fact, Autry did volunteer for military service during World War II. After his discharge, the parties negotiated for resumption of their relationship but failed to reach agreement.

---

[20] *Id.* at 879-81.

[21] *Coleman*, 420 P.2d at 720.

[22] *Autry v. Republic Prods., Inc.*, 180 P.2d 888 (Cal. 1947).

[23] *Id.* at 890.

Autry brought a declaratory judgment action, and the trial court entered judgment providing for a continuation of the parties' relationship on terms set by the court.[24] On appeal, the Supreme Court of California reversed. As an initial matter, the Court recognized that the contract between the parties was not an agreement to agree and that the written words of the contract must be given meaning and effect.[25] The Court refused to sanction a judicial construction of a contract going forward after military service, the parties having negotiated over and having failed to agree upon such terms.[26]

Although the Court did not use the phraseology later adopted in its *Coleman* opinion, it undoubtedly concluded that the parties had negotiated in good faith and that the unsettled point must be left unperformed. This outcome is totally consistent with the law on the cause of action for breach of contract to negotiate as defined by the *Copeland* court.

Having carefully read Surface Materials's complaint, it would be a stretch to interpret the averments as stating a claim for breach of a contract to negotiate. Nevertheless, at this early stage in the litigation, Surface Materials could well amend to assert such a claim.[27] Surface Protection has yet to file an answer. Under Federal Rule of Civil Procedure 15(a), Surface Materials may amend its complaint as a matter of right before the filing of the answer.

---

[24] *Id.* at 890-91.

[25] *Id.* at 893.

[26] *Id.* at 895.

[27] *United States ex rel. Bledsoe*, 342 F.3d at 644.

Since the claim for breach of a contract to negotiate is not before the Court, it would not be appropriate for this opinion to address what damages may or may not be recoverable on such a claim. The Court does take note, however, that the Court in *Copeland* did discuss limitations on damages recoverable for breach of a contract to negotiate.[28]

## IV.

### Conclusion

Based on the foregoing analysis, the Court concludes that Surface Materials has stated a claim for breach of contract upon which relief can be granted. Surface Protection's motion to dismiss for failure to state a claim is hereby denied.

As this case will be going forward in this Court, the Court will set a case management conference.

IT IS SO ORDERED.

Dated: May 10, 2005                                             s/ William H. Baughman, Jr.
                                                                United States Magistrate Judge

---

[28] *Copeland*, 117 Cal.Rptr.2d at 885-86.